IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) | Civil No. 21-720 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| | ) | |
| KEVIN T. CARNEY, JONATHAN D. FREEZE, | ) | |
| AND ROBERT J. IREY | ) | |

**DEFENDANT KEVIN CARNEY'S MOTION TO STAY PROCEEDINGS
PENDING RESOLUTION OF PARALLEL CRIMINAL PROSECUTION**

AND NOW, comes Defendant, KEVIN CARNEY, by and through his attorney Marco S. Attisano and requests this Court stay proceedings pending resolution of parallel criminal prosecution in support thereof avers the following:

**PROCEDURAL HISTORY**

1. On June 1, 2021, the Securities and Exchange Commission (hereinafter "S.E.C.") filed a complaint against Mr. Carney ("S.E.C. case"). Dkt. No. 1. Robert Irey and Jonathan Freeze are co-defendants in the S.E.C. case.

2. Prior to the filing of the S.E.C. case complaint, on May 25, 2021, Mr. Carney, was indicted and charged with wire and mail fraud in violation of 18 U.S.C. §1349, and 18 U.S.C. §§1343 in the Western District of Pennsylvania at 2:21-cr-228 ("criminal prosecution") at Dkt. No. 3. Robert Irey and Jonathan Freeze are co-defendants in the criminal prosecution as well as in the S.E.C. case.

3. The underlying allegations in the S.E.C. case arise from the same alleged conduct and circumstances that form the basis of the allegations in the criminal prosecution.

4. On July 15, 2021, the Clerk of Courts entered a default judgement against Mr. Carney. Dkt. No. 18.

5. On September 14, 2021, undersigned counsel entered his appearance on behalf of Mr. Carney (Dkt. No. 22) and simultaneously filed a Motion to Vacate Default Judgement and Extend Time to File Answer to Complaint (Dkt. No. 23).

6. On September 30, 2021, the S.E.C. filed a Response to Mr. Carney's Motion to Vacate Default Judgement and Motion to Extend Time to File Answer to Complaint in which the S.E.C. did not oppose the request to vacate default judgement and took no position related to the extension of time to answer the complaint. Dkt. No. 30.

7. On September 30, 2021, the Court granted Mr. Carney's Motion to Vacate and Extend Time to File Answer to Complaint and set October 21, 2021 as the deadline to answer the complaint. Dkt. No. 27.

**ARGUMENT**

8. It is well established that "[a] court has discretion to stay a case if the interests of justice require it." Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 526 (D.N.J. 1998) citing United States v. Kordel, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970).

9. The court should consider the following factors when deciding whether to grant a stay: "1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court;

and 6) the public interest." Id. at 526 citing <u>Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.</u>, 886 F.Supp. 1134, 1138 (S.D.N.Y.1995).

10. The first factor, related to the overlap between the criminal and civil case, weighs in favor of a stay because the underlying issues are the same for both cases. There is no dispute that the underlying allegations that make up the criminal prosecution and the S.E.C. case are essentially the same. This factor – similarity of issues – "has been termed 'the most important issue at the threshold' in determining whether or not to grant a stay." Id at 526 citing Milton Pollack, *Parallel Civil and Criminal Proceedings,* 129 F.R.D. 201, 203 (1989).

11. The second factor, related to the status of the criminal proceeding, weighs in favor of a stay because Mr. Carney has been indicted. See <u>Barker v. Kane</u>, 149 F. Supp. 3d 521, 527 (M.D. Pa. 2016) ("[a] stay is most appropriate when criminal charges have been filed against the moving party") (internal citations omitted). The S.E.C. case will force Mr. Carney to waive his Fifth Amendment right or assert his Fifth Amendment right and forfeit possible defenses on key disputed issues. Additionally, the S.E.C. case would most likely reveal defense strategy relevant to the criminal prosecution and expand the amount of discovery accessible to the government for use in the criminal prosecution beyond Rule 16 requirements. Both outcomes would put Mr. Carney at an unfair disadvantage in his criminal prosecution and implicate possible due process concerns.

12. The third factor is plaintiff's interest in proceeding expeditiously weighed against any prejudice against plaintiff that would be caused by delay. This factor weighs in favor of Mr. Carney because a delay will not cause prejudice. A "less expeditious resolution is insufficient to show prejudice." Id. (internal citation omitted). Furthermore,

resolution of the criminal prosecution will most likely occur prior to resolution of when the S.E.C. case would resolve in the event it was not stayed, and the outcome of the criminal prosecution may expedite the resolution of the S.E.C. matter post stay.

13. The fourth factor, the private interest of defendant and burden on defendant in defending parallel matters, weighs in favor of defendant. The Fifth Amendment right against self-incrimination, due process rights related to defendant disclosing defense theory in advance of criminal trial, and extending the scope of discovery available to the government for use in criminal prosecution beyond Rule 16 material are all interests of the defendant that would be comprised to one degree or another during parallel proceedings and prejudice Mr. Carney. See Trustees of Plumbers Nat'l Pension Fund v. Transworld Mech., Inc., 866 F.Supp. 1134, 1138 (S.D.N.Y. 1995) ("the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case.").

14. The fifth factor is the interest of the public, which weighs in favor of a stay. A "stay of discovery does not mean that enforcement of the public interests at stake in the civil case will be indefinitely deferred," especially in this instance because " a criminal prosecution serves to enforce those same interests." Brock v. Tolkow, 109 F.R.D. 116, 121 (E.D.N.Y. 1985). Furthermore, the S.E.C. is "free to petition this Court to lift or modify the stay should there be change in circumstances that would warrant such action." Id.

15. As shown in the preceding paragraphs, all relevant factors weigh in favor of a stay in the S.E.C. case.

16. Undersigned counsel has conferred with counsel for the S.E.C., Karen Klotz, Esquire, and can represent that the S.E.C. position related to Mr. Carney's request to stay the S.E.C. case would be that the S.E.C. takes no position on the motion to stay.

**WHEREFORE**, Mr. Carney respectfully requests this Honorable Court grant the within motion and stay the S.E.C. case pending resolution of the parallel criminal prosecution.

Respectfully submitted,

Date:   September 30, 2021          */s/ Marco S. Attisano*
MARCO S. ATTISANO
PA ID No. 316736
429 Fourth Avenue, Suite 1705
Pittsburgh, PA 15219
Tel. (412) 336-8622
Fax (412) 336-8629
Marco@arlawpitt.com
Counsel for Defendant